**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| eUnify Incorporated and Steven Serra, | No. CV-22-00810-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Anthony M. Serra CPA Incorporated, | |
| Defendant. | |

Before the Court are Defendant Anthony M. Serra CPA Incorporated's motion to dismiss for lack of personal jurisdiction and failure to state a claim (Doc. 20) and accompanying motion for judicial notice (Doc. 21.) The motions are fully briefed. (Docs. 26, 27, 30, 31.) For the following reasons, Defendant's motion to dismiss is denied and the motion for judicial notice is granted.[1]

## I.  Background

Plaintiff Steven Serra ("Steven") is an Arizona resident and Plaintiff eUnify Incorporated ("eUnify") is an Arizona corporation. (Doc. 15 ¶¶ 1-2.) Steven is an officer, director, and shareholder of eUnify. (*Id.* ¶ 8.) Around 2008, eUnify developed and maintained proprietary software to help homeowners' associations collect delinquent dues and assessments. (*Id.* ¶ 13.) Later, Steven created iColligo, LLC ("iColligo") and is a

---

[1] Plaintiffs' request for oral argument is denied because the issues are adequately briefed and oral argument will not assist the Court in resolving the pending motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

member along with non-party Michael Magnotta. (*Id.* ¶¶ 9-10.) eUnify owned the software but licensed it to iColligo. (*Id.* ¶¶ 14-15.)

Defendant is an Ohio corporation. (*Id.* ¶ 3.) From 2009 to 2017, Defendant provided tax services for iColligo and Plaintiffs. (*Id.* ¶ 18.) Steven's now-deceased father, Anthony Serra ("Anthony"), was Defendant's sole shareholder, director, and officer, and he performed the accounting services from Ohio free of charge. (*Id.* ¶¶ 21, 26.) Unknown to Plaintiffs, in 2012 Defendant began capitalizing the development costs for eUnify's software on iColligo's tax returns, which made the software an asset of iColligo. (*Id.* ¶¶ 36-37.)

In 2016, Magnotta sued Steven in Arizona state court and used the tax returns prepared by Defendant to prove that iColligo, not eUnify, owned the software. (*Id.* ¶¶ 38-39.) During that lawsuit, Anthony was deposed and admitted to erroneously capitalizing the software to iColligo. (*Id.* ¶¶ 41-43.) Plaintiffs then settled with Magnotta in January 2020 for more than $4,000,000. (*Id.* ¶ 52.) Now, Plaintiffs bring claims against Defendant, seeking to hold it vicariously liable for Anthony's breach of fiduciary duty (*Id.* ¶¶ 56-60) and accounting malpractice (*Id.* ¶¶ 61-68).

## II.   Judicial Notice

Defendant requests the Court to take judicial notice of four exhibits (Docs. 20-2, 20-3, 20-5, 20-6). It asserts that the exhibits are filings from the prior state court suit and a government issued death certificate. The Court may take judicial notice of public records without converting a motion to dismiss into one for summary judgment. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). However, the Court may not take judicial notice of a fact that is subject to reasonable dispute. *Id.*; Fed. R. Evid. 201.

Plaintiffs object only to the judicial notice of Doc. 20-5, and even then, only to the facts and conclusions contained within it. This document contains the factual findings of the Receiver's Report in the prior state court lawsuit. To the extent Plaintiff reasonably disputes the truth or validity of the factual findings in the report, the Court judicially notices only the fact that the report issued and contained certain findings

and conclusions. The Court does not take as true the findings and conclusions contained therein. With this understanding, the Court grants Defendant's request for judicial notice.

**III.   Personal Jurisdiction**

    **A.  Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss claims against it for lack of personal jurisdiction. In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing jurisdiction is proper. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). "Where, as here, a defendant's motion to dismiss is based on a written record and no evidentiary hearing is held, the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* (internal quotations and citation omitted). Although a plaintiff cannot "simply rest on the bare allegations of its complaint," *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977), uncontroverted allegations in the complaint must be taken as true and any conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

    **B.  Analysis**

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Id.* Arizona's long-arm statute allows Arizona courts to exercise personal jurisdiction to the maximum extent permitted under the Due Process Clause of the United States Constitution. *See* Ariz. R. Civ. P. 4.2(a); *A. Uberti and C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995). Due process requires that the defendant "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash.*, *Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945) (internal quotations and citation omitted).

"Depending on the strength of those contacts, there are two forms that personal jurisdiction may take: general and specific." *Picot*, 780 F.3d at 1211. General personal jurisdiction over a nonresident defendant requires "continuous corporate operations within a state so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co.*, 326 U.S. at 318. Conversely, specific personal jurisdiction exists when a lawsuit arises out of, or is related to, the defendant's contacts with the forum. *Helicopteros Nacionales de Colo., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Plaintiffs argue only for specific personal jurisdiction.

To establish specific personal jurisdiction, a plaintiff must show: (1) the nonresident defendant purposefully directed[2] his activities at the forum, (2) the claim arises out of the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden on the first two prongs and a failure to satisfy either of these prongs means that personal jurisdiction is not established in the forum state. *Id.* But "[i]f the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (internal quotations and citation omitted). Specific personal jurisdiction over Defendant is proper because Plaintiffs have satisfied the first two prongs and Defendant has not demonstrated that the Court's exercise of jurisdiction would be unreasonable.

### 1. Purposeful Direction

Purposeful direction requires the defendant to have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). "[R]andom, fortuitous, or attenuated contacts are insufficient to create the requisite connection with the forum." *Id.* (internal quotations and citation omitted). But actions may still be directed at the forum state even if they occurred elsewhere. *Id.*

---

[2] For claims sounding in tort, as Plaintiffs' do, courts apply the purposeful direction test. *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). *Id*

Defendant purposely directed its activities at Arizona. First, Defendant committed an intentional act when it performed tax services for Plaintiffs, specifically filing their state tax returns. Multiple district courts have held that performing accounting services and filing tax returns satisfies the intentional act prong of the purposeful direction test. *See*, *e.g.*, *Forty Niner Truck Plaza, Inc. v. Shank*, No. CIV. S-11-0860-FCD/DAD, 2011 WL 2710400, at *5 (E.D. Cal. July 11, 2011); *Wang v. Kahn*, No. 20-CV-08033-LHK, 2022 WL 36105, at *17 (N.D. Cal. Jan. 4, 2022). Second, Defendant expressly aimed its intentional acts at Arizona by filing Plaintiffs' state taxes here. Lastly, Plaintiffs are Arizona residents, so Defendant should have known that the harm from its alleged negligence would be suffered primarily in Arizona.

## 2.  Claims Arise Out of Forum-Related Activities

Plaintiffs' claims arise out of Defendant's contacts with Arizona. A claim arises out of a defendant's contacts with the forum when the claim would not have arisen "but for" the defendant's actions directed toward the forum state. *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998). Here, Defendant's contacts with Arizona consist, in part, of tax services performed for Plaintiffs and iColligo and the alleged negligence occurred while performing these tax services. But for Defendant filing taxes in Arizona on behalf of Plaintiffs and iColligo, Plaintiffs would not have suffered the harm alleged.

## 3.  Reasonableness of Exercising Jurisdiction

Because Defendant purposely directed its actions at this forum and Plaintiffs' claims arise out of those forum-related contacts, the Court may exercise specific personal jurisdiction unless Defendant demonstrates that it would be unreasonable to do so. In evaluating the reasonableness of exercising jurisdiction, the Court applies a seven-factor balancing test that weighs:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 607 (9th Cir. 2018).

On balance, these factors do not weigh against the exercise of personal jurisdiction. First, although Defendant is and always has been an Ohio corporation that mainly provides services in Ohio, Defendant purposefully interjected itself into Arizona's affairs by providing tax filing services in Arizona for Arizona residents. Second, though litigating this matter might be relatively more burdensome for Defendant than litigating in Ohio, "[u]nless such inconvenience is so great as to constitute a deprivation of due process, [this factor] will not overcome clear justifications for the exercise of jurisdiction." *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991) (internal quotations and citation omitted). Defendant has not shown that the inconvenience of litigating in Arizona rises to this level. Third, Defendant has not persuaded the Court that exercising personal jurisdiction will conflict to any significant extent with Ohio's sovereign interest (if any) in the matter. Fourth, Arizona has a strong interest in adjudicating this action because states have a "manifest interest in providing an effective means of reparation for its residents tortiously injured by others." *Lake v. Lake*, 817 F.2d 1416, 1423 (9th Cir. 1987). Fifth, Arizona is the best locale to ensure efficient judicial resolution of the controversy; both Plaintiffs, most witnesses, and records relating to the claims are located in Arizona. (Doc. 26 at 9.) Sixth, Plaintiffs have a strong interest in litigating in their home state of Arizona, which provides Plaintiffs an avenue to potentially recover for the claims raised. Finally, the seventh factor is relevant only following a showing that the forum state is an unreasonable forum, a showing Defendant has not made based on the first six factors. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1080 (9th Cir. 2011). Because Defendant has not made a compelling case that exercising jurisdiction would be unreasonable, the Court finds that it has specific personal jurisdiction over Defendant.

## IV. Failure to State a Claim

### A. Legal Standard

When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and

construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid dismissal, the complaint must plead sufficient facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

## B. Analysis

Defendant argues that Plaintiffs fail to state a claim for two reasons: (1) the claims are time-barred and (2) a principal cannot be held vicariously liable for the torts of its agent unless the agent is joined as a defendant, something Plaintiffs did not do.

### 1. Statute of Limitations

As a preliminary matter, the parties disagree over which state's law applies. Defendant argues that Ohio law applies, while Plaintiffs argue for Arizona law. Under Ohio law, these claims have a four-year statute of limitations, Ohio Rev. Code Ann. § 2305.09(D) (West 2014), and there is no discovery rule, *Investors REIT One v. Jacobs*, 546 N.E.2d 206, 211 (Ohio 1989). Under Arizona law, there is a two-year statute of limitations, *CDT, Inc. v. Addison, Roberts & Ludwig, C.P.A., P.C.*, 7 P.3d 979, 981-82 (Ariz. Ct. App. 2000), with accrual governed by a discovery rule, *Gust, Rosenfeld & Henderson v. Prudential Life Ins. Co. of Am.*, 898 P.2d 964, 966 (Ariz. 1995). This issue is important to resolve because the outcome is different under Ohio and Arizona law.

A federal court sitting in diversity applies the forum state's choice-of-law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Arizona uses the Restatement (Second) of Conflict of Laws (1988) ("Restatement") to determine the controlling law for statutes of limitations. *Jackson v. Chandler*, 61 P.3d 17, 19 (Ariz. 2003).

> Whether a claim will be maintained against the defense of the
> statute of limitations is determined under the principles stated

in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:

(1) The forum will apply its own statute of limitations barring the claim.

(2) The forum will apply its own statute of limitations permitting the claim unless:

(a) maintenance of the claim would serve no substantial interest of the forum; and

(b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

*Id.* (quoting Restatement § 142). "The general rule is very clear: as a starting point, the forum's statute of limitations applies." *Id.* (internal quotations and citation omitted). The claims would be time-barred in Ohio but not in Arizona. Because Arizona is the forum and it would permit the claim, Arizona's limitations period controls unless the Court determines Arizona has no substantial interest in the action. For largely the same reasons why this Court has personal jurisdiction over Defendant, Arizona has a substantial interest in this action; Plaintiffs are Arizona residents, and the injury-causing conduct was directed at and caused harm in Arizona. The Court therefore will apply Arizona's limitations period.

Statutes of limitations "identify the outer limits of the period of time within which an action may be brought to seek redress or to otherwise enforce legal rights created by the legislature or at common law." *Porter v. Spader*, 239 P.3d 743, 746 (Ariz. Ct. App. 2010). They serve primarily "to protect defendants and courts from stale claims where plaintiffs have slept on their rights *Gust*, 898 P.2d at 964, and also protect defendants from insecurity, *Porter*, 239 P.3d at 746. But "[o]ne does not sleep on his or her rights with respect to an unknown cause of action." *Doe v. Roe*, 955 P.2d 951, 960 (Ariz. 1998). Accordingly, Arizona applies the "discovery rule" to determine a claim's accrual date. *Gust*, 898 P.2d at 966. "Under the 'discovery rule,' a plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause." *Id.*

1    In professional malpractice cases, a cause of action does not accrue until the plaintiff
2    discovers the negligence and sustains ascertainable harm as a result of that negligence.
3    *CDT, Inc.*, 7 P.3d at 982 (internal quotations and citation omitted). "[N]egligence that
4    results in no immediate harm or damage delays accrual of the cause of action until such
5    damage is sustained." *Id.* at 982 (internal quotations and citation omitted). The damage
6    must be "more than merely the threat of future harm." *Id.* (internal quotations and citation
7    omitted). "Harm is actual and appreciable when it becomes irremediable [or] irrevocable."
8    *Com. Union Ins. Co. v. Lewis and Roca*, 902 P.2d 1354, 1358 (internal quotations and
9    citation omitted).

10    Here, the statute of limitations is two years for these claims. *CDT, Inc.*, 7 P.3d at
11    981-82. Defendant argues that Plaintiffs' claims are time-barred because Plaintiffs knew
12    or should have known of the alleged negligence more than two years before they filed their
13    complaint in January 2022. Defendant believes that Plaintiffs should have known of the
14    negligence in 2016 when the underlying suit with Magnotta commenced, or in 2017 when
15    Anthony admitted to erroneously capitalizing the software to iColligo during his
16    deposition. Plaintiffs respond that, although they were aware of the negligence at those
17    times, their claims did accrue until they settled the underlying suit in January 2020 because
18    that is when they suffered appreciable harm.

19    The Court agrees with Plaintiffs. Although Plaintiffs knew or should have known
20    of the negligence by 2017 at the latest, Plaintiffs had not suffered appreciable harm at that
21    time. Before Plaintiffs settled the underlying suit, any potential harm caused by
22    Defendant's alleged negligence was not irremediable or irrevocable. For example, the
23    underlying suit could have been voluntarily dismissed or resolved in Plaintiffs' favor. The
24    mere possibility of harm resulting from Defendant's alleged negligence was not enough to
25    start the limitations clock.[3] Because Plaintiffs did not suffer appreciable, non-speculative
26    harm until January 2020, their claims are timely.

27
28    ───────────────
    [3] Defendant counters that Plaintiffs suffered appreciable harm in 2016 when they
    hired an attorney to defend the underlying suit. But Arizona caselaw appears to reject this
    view. *See Myers v. Wood*, 850 P.2d 672 (Ariz. Ct. App. 1992) (holding that deciding not
    to bring an earlier $1,000 claim for attorney fees did not bar a later $400,000 malpractice

- 9 -

### 2.  Vicarious Liability

Defendant argues that in order to hold a principal vicariously liable for the acts of an agent, the agent must be joined as a party to the suit—something Plaintiffs did not do. Again, the parties disagree over which states' law applies. However, for this issue the choice of law question is immaterial because the result is the same under both Ohio and Arizona law. In order to hold a principal vicariously liable for the torts of an agent, a plaintiff must prove that the agent was negligent, but it is not necessary to name the agent as a defendant. *Huffman v. American Family Mut. Ins. Co.*, No. CV 10-2809-PHX-FJM, 2011 WL 814957, at *2 (D. Ariz. Mar. 4, 2011); *McClure v. Country Life Ins. Co.*, 326 F. Supp. 3d 934, 948 (D. Ariz. 2018); *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 913 N.E.2d 939, 944 (Ohio 2009). Accordingly, although Plaintiffs will need to establish Anthony's negligence in order to prove their case against Defendant, their failure to join him (or, more accurately, his estate) as a defendant does not warrant dismissal under Arizona or Ohio law.[4]

/ / /

/ / /

/ / /

---

claim); *Enterprising Sol., Inc. v. Ellis*, No. 1 CA-CV 14-0355, 2015 WL 4748020 (Ariz. Ct. App. 2015 Aug. 11, 2015) (following the holding of *Myers* under comparable circumstances).

[4] Nothing in this order resolves which state's law governs the merits of Plaintiffs' claims. Courts should resolve tort issues under the law of the state having the most significant relationship to both the occurrence and the parties with respect to any issue. Restatement § 145(1). Relevant considerations include "(1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, (4) the place where the relationship, if any, between the parties is centered." *Id.* § 145(2). Ultimately, "[t]hese contacts are to be evaluated according to their *relative importance* with respect to the particular issue." *Id.* (emphasis added). In this case, the factors are evenly divided between Arizona and Ohio, but neither party presents argument or authority regarding which of the Restatement factors are more important in professional negligence and breach of fiduciary duty cases. What's more, the parties do not identify any material differences between Ohio and Arizona law on the merits of these claims. If there are material differences, this is an issue that will need to be resolved at some point. But the Court does not need to resolve it now. Should the issue arise again at a later stage of this litigation, it would be helpful if the parties provided their views on which Restatement factors are more important to the type of claims Plaintiffs assert.

1       **IT IS ORDERED** that Defendant's motion to dismiss (Doc. 20) is **DENIED** and

2  that Defendant's motion for judicial notice (Doc. 20) is **GRANTED**.

3       Dated this 23rd day of November, 2022.

4

5

6

7                                        _____

8                                        Douglas L. Rayes
                                      United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28