**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810       Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
Jordan C. Wolff, #034110
admin@wb-law.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| eUnify, Inc., and Steven Serra,<br><br>             Plaintiffs,<br>vs.<br>Anthony M. Serra, CPA, Inc.,<br><br>             Defendant | Case No.: CV-22-00810-PHX-DLR<br><br>**JOINT DISCOVERY PLAN**<br><br>(Assigned to the Hon. Douglas L. Reyes) |

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Order (Doc. 33), on December 21, at 1:00 p.m. via telephonic conference.

**1.    The parties who attended the Rule 26(f) Meeting and assisted in developing the Plan.**

Jordan Wolff, counsel for Plaintiffs eUnify, Inc. and Steven Serra

Andrew Domozick, counsel for Defendant Anthony M. Serra, CPA, Inc.

**2.    A short statement of the nature of the case (3 pages or less), including a description of each claim and defense.**

Plaintiff Steven Serra ("Steven") is an Arizona resident and Plaintiff eUnify Incorporated ("eUnify") is an Arizona corporation. Steven is an officer, director, and shareholder of eUnify. Around 2008, eUnify developed and maintained proprietary software to help homeowners'

associations collect delinquent dues and assessments. (Later, Steven created iColligo, LLC ("iColligo") and is a member along with non-party Michael Magnotta. eUnify owned the software but licensed it to iColligo. Defendant is an Ohio corporation. From 2009 to 2017, Defendant provided tax services for iColligo and Plaintiffs. Steven's now-deceased father, Anthony Serra ("Anthony"), was Defendant's sole shareholder, director, and officer, and he performed the accounting services from Ohio free of charge. Unknown to Plaintiffs, in 2012 Defendant began capitalizing the development costs for eUnify's software on iColligo's tax returns, which Plaintiffs allege made the software an asset of iColligo. In 2016, Magnotta sued Steven in Arizona state court and used the tax returns prepared by Defendant to prove that iColligo, not eUnify, owned the software. During that lawsuit, Anthony was deposed and admitted to erroneously capitalizing the software to iColligo. Defendant further admitted that despite Steven knowing about the alleged mistake before the filing of the Magnotta lawsuit, he decided not to do anything at that time, including amending the tax returns, to avoid a tax penalty. Plaintiffs then settled with Magnotta in January 2020 for more than $4,000,000. Now, Plaintiffs bring claims against Defendant, seeking to hold it vicariously liable for Anthony's alleged breach of fiduciary duty and accounting malpractice.

**3.      A description of the principal factual and legal disputes in the case.**

The principal factual disputes at issue in this case are as follows:

        a)   Whether Plaintiffs owned the Software at issue in this case;

        b)   Whether and when Plaintiffs became aware or should have become aware of Anthony M. Serra's alleged accounting malpractice;

        c)   Whether, and to what extent, Anthony M. Serra's alleged accounting malpractice and breach of fiduciary duty occasioned the settlement in the underlying matter.

The principal legal disputes at issue in this case are as follows:

        a)   Whether Anthony M. Serra committed accounting malpractice;

        b)   Whether Anthony M. Serra breached a fiduciary duty to Plaintiffs;



    c) Whether Anthony M. Serra, CPA, Inc. can be vicariously liable for the alleged accounting malpractice of Anthony M. Serra;

    d) Whether Anthony M. Serra, CPA, Inc. can be vicariously liable for the alleged breach of fiduciary duty of Anthony M. Serra;

    e) Whether Anthony M. Serra, CPA, Inc. was a *de facto* corporation;

    f) Whether Ohio law applies to the issues of statute of limitations and vicarious liability;

    g) Whether Plaintiffs' claims are time-barred;

    h) The extent of Plaintiffs' alleged damages.

**4.   The jurisdictional basis for the case, citing specific jurisdictional statutes.**

The United States District Court for the District of Arizona has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 on the basis of diversity jurisdiction. The amount in controversy exceeds the sum of $75,000, exclusive of interests and costs and This action involves a controversy between citizens of different States.

**5.   Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared.**

All parties have been served and have filed an Answer.

**6.   A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings.**

The parties do not expect to add additional parties to this matter.

**7.   A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705).**

3

The parties anticipate filing motions for summary judgment and motions related to the applicable state laws, either Arizona or Ohio. At this point the parties do not anticipate filing motions under Fed. R. Evid. 702-705, but reserve the right to file any such motion, if necessary, as discovery progresses in this matter.

**8.  Whether the case is suitable for reference to arbitration or a United States Magistrate Judge for trial.**

The parties agree this case is not suitable for arbitration or a United States Magistrate Judge for trial.

**9.  The status of related cases pending before other courts or other judges of this Court.**

There are no related cases pending before other courts or other judges of this Court.

**10.  A statement of when the parties exchanged Federal Rule of Procedure 26(a) initial disclosures**

The parties already exchanged initial disclosures.

**11.  A discussion of necessary discovery, including**:

**A.**  The extent, nature, and location of discovery anticipated by the parties.

Fed. R. Civ. P. 30, 33, 34, 36. It is believed that the majority of discovery is in ESI format and/or located in Arizona or Ohio.

**B.**  Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure.

The parties do not believe they need changed to the discovery limitations imposed by the Federal Rules of Civil Procedure.

**C.**  The number of hours permitted for each deposition, unless extended by agreement of the parties.

The parties agree that each deposition will be no longer than seven (7) hours.

**12.  Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):**

    **A.**  A deadline for the completion of fact discovery and disclosure pursuant to Rule 26(a)(3).

    July 28, 2023.

    **B.**  Dates for complete disclosures of expert testimony under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.

The Plaintiffs and Defendant shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than August 25, 2023.

Rebuttal expert disclosures, if any, shall be made no later than September 22, 2023. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

    **C.**  A deadline for completion of all expert depositions

    November 10, 2023.

    **D.**  A deadline for filing dispositive motions

    December 15, 2023.

    **E.**  A date by which the parties shall have engaged in good faith settlement talks.

    July 28, 2023.

**13.  Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth the reasons).**

Plaintiffs have made a request for a jury trial.

**14.  The estimated length of trial and any suggestions for shortening the trial.**

Five (5) days.

**15.  The prospects for settlement, including any request of the Court for assistance in settlement efforts.**

Prior to the Court ruling on the Motion to Dismiss, the parties made a good faith attempt to try to settle this matter but were unsuccessful. The parties will continue their attempts to settle, and, if necessary, the parties will seek private mediation.

16. **Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.**

The Parties believe that a Protective Order and Rule 502 Order will assist the parties in resolving this matter pursuant to Fed. R. Civ. P. 1.

**RESPECTFULLY SUBMITTED** this 29th day of December 2022.

**WILENCHIK & BARTNESS, P.C.**

By  */s/ Jordan C. Wolff*
  Dennis I. Wilenchik, Esq.
  Jordan C. Wolff, Esq.
  The Wilenchik & Bartness Building
  2810 North Third Street
  Phoenix, Arizona 85004
  admin@wb-law.com
  *Attorneys for Plaintiffs*

**REMINGER CO., L.P.A.**

By  */s/ Andrew Domozick (with permission)*
  Brian Nally
  Andrew Domozick
  101 W Prospect Ave Suite 1400
  Cleveland, OH 44115
  *Attorneys for Defendant*